```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER J. HARRIS,

                    Petitioner,
                                        MEMORANDUM & ORDER
         -against-                      13-CV-4243(JS)

SUFFOLK COUNTY; SUFFOLK COUNTY
DISTRICT COURT, FIRST DISTRICT;
THOMAS J. SPOTA, District
Attorney's Office for Suffolk
County; CHARLES EWALD, Warden of
Suffolk County Jail; and VINCENT
F. DEMARCO, Sheriff of Suffolk
County;

                    Respondents.
----------------------------------X
APPEARANCES
For Petitioner:     Christopher J. Harris, pro se
                    21 Pinetop Drive
                    Central Islip, NY 11722

For Respondents:    No Appearance
```

SEYBERT, District Judge:

On July 26, 2013, pro se Petitioner Christopher Harris ("Petitioner") filed a Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 seeking to challenge his on-going criminal actions pending in the Nassau County District Court. The Petition was accompanied by the $5.00 filing fee.

In addition, on August 30, 2013, Petitioner filed a "Notice of Preventive Injunction" with the Court requesting that this Court amend his Petition to consider an annexed motion filed by Petitioner in state court. (Docket Entry 3.)

However, because Petitioner is a pre-trial detainee, the Petition is sua sponte DISMISSED without prejudice as it is

premature.  As the Petition is herewith dismissed, Petitioner's request regarding his "Notice of Preventive Injunction" is DISMISSED AS MOOT.

Petitioner is challenging five separate incidents, each assigned its own state court case number.  In each of the case numbers 2011SU034396S, 2011SU04085S, and 2011SU045473S, Petitioner was issued a Uniform Traffic Ticket.[1]  In cases 2012SU025031 and 2012SU025032 Petitioner was arrested on April 25, 2012.[2]  In case 2012SU025031, Petitioner was charged with driving an uninspected vehicle, operation of a motor vehicle by an unlicensed driver, and aggravated operation of a vehicle by an unlicensed driver.[3]  In case 2012 SU025032, Petitioner was charged with unlawful possession of marijuana.[4]  Petitioner has not yet been tried on these charges. Although it is difficult for the Court to discern the basis for his Petition, it seems that the gravamen of Petitioner's claim is that he was denied due process by the state courts.  (Pet. ¶¶ 5, 8, 11-

---

[1] See N.Y.S. Unified Court System, WebCrims, Case Details-Appearances, available at http://iapps.courts.state.ny.us/webcrim (last visited July 31, 2013).

[2] See N.Y.S. Unified Court System, WebCrims, Case Details-Summary, available at http://iapps.courts.state.ny.us/webcrim (last visited July 31, 2013).

[3] See N.Y.S. Unified Court System, WebCrims, and Case Details-Charges, available at http://iapps.courts.state.ny.us/webcrim (last visited July 31, 2013).

[4] See N.Y.S. Unified Court System, WebCrims, and Case Details-Charges, available at http://iapps.courts.state.ny.us/webcrim (last visited July 31, 2013).

15.)

According to the case information maintained by the New York State Unified Court System and contrary to Petitioner's contention that he has been sentenced to two days imprisonment (see Id. at ¶ 4), Petitioner has not yet been tried, convicted, or sentenced, and in fact, all the charges remain pending against him.[5] Accordingly, for the reasons that follow, the Petition is DISMISSED WITHOUT PREJUDICE as premature.

DISCUSSION

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" Henry v. Davis, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) (A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")). Furthermore, a district court may not grant the writ "unless the petitioner has first exhausted the remedies available in the state court or shows that 'there is an absence of available state corrective process; or circumstances exist that render such process

---

[5] See N.Y.S. Unified Court System, WebCrims, Case Details-Summary, available at http://iapps.courts.state.ny.us/webcrim (last visited July 31, 2013).

3

ineffective to protect the rights of the applicant.'" Id. (quoting 28 U.S.C. §§ 2254(b)(1)(A), 2254(b)(1) (B)(i)-(ii)). A federal claim is properly exhausted where it has been presented to the highest state court. Id. (citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 190-91 (2d Cir. 1982)).

In the instant matter, because Petitioner has not yet been tried, convicted, or sentenced, he is not in custody pursuant to the judgment of a state court. Moreover, Petitioner does not allege to have appealed his constitutional claim to the highest state court having jurisdiction. Given that Petitioner has not yet exhausted his state court remedies nor has he been convicted or sentenced, each of which are necessary prior to the filing of a petition under § 2254, the Court lacks jurisdiction over the Petition. See 28 U.S.C. § 2254; Daye, 696 F.2d at 190-92 (a § 2254 petition is premature where petitioner has not yet been convicted and has not exhausted state court remedies); see also Lynch v. DeMarco, No. 11-CV-4708(JS), 2011 WL 6097737, at *2 (E.D.N.Y. Dec. 1, 2011) (sua sponte dismissing unexhausted § 2254 petition) (citations omitted). Thus, the Petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE as it is premature and unexhausted. See Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254 (if it plainly appears from the face of petition that petitioner is not entitled to relief, the judge must dismiss the petition).

In addition, a single habeas petition cannot challenge multiple convictions, as the instant Petition does.  See Rules Governing Section 2254 Cases, Rule 2(e), 28 U.S.C. foll. § 2254 ("Separate Petitions for Judgments of Separate Courts.  A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.").  Petitioner is cautioned that should he file a proper habeas petition upon the conclusion of his state court proceedings and appeals, he must file one petition for each state court judgment.

To the extent that Petitioner is attempting to file an action premised upon alleged violations of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985, he must do so by commencing a separate civil action alleging such violations.  A copy of the Eastern District of New York's Civil Rights complaint form is enclosed herewith.

[THE BOTTOM OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

<u>CONCLUSION</u>

For the reasons set forth above, the Petition for a Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE as it is both premature and unexhausted. Petitioner's request regarding his "Notice of Preventive Injunction" is DISMISSED AS MOOT.

A certificate of appealability shall not issue as Petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2).

The Clerk of Court is directed to mail a copy of this Order, along with an Eastern District of New York Civil Rights complaint form, to the Petitioner.

The Clerk of the Court is directed to CLOSE the case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __13__, 2013
       Central Islip, New York

6